UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DORIAN J. FACEN,

                 Petitioner,              **No. 09-CV-1127(VEB)**

    -vs-                                      **DECISION AND ORDER**

MALCOLM R. CULLY,

                 Respondent.
_____

## I.       Introduction

*Pro se* petitioner Dorian J. Facen ("Facen" or "petitioner") has filed a petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1999 conviction and a 2008

conviction. *See* Petition (Docket No. 1). The parties have consented to disposition of this matter

by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). (Docket No. 10).

## II.      Factual Background and Procedural History

### A.      The 1999 Conviction

In 1999, Facen pleaded guilty in Erie County Court to two counts of criminal possession

of a controlled substance in the fifth degree and one count of criminal possession of a weapon in

the third degree and was sentenced an aggregate term of two years imprisonment. A three-year

term of post-release supervision subsequently was appended to his determinate sentence. *See*

N.Y. PENAL LAW § 70.45(1) (requiring an additional period of post-release supervision to be

added to each determinate sentence).

On appeal, the Appellate Division held, in pertinent part, that because the term of post-

release supervision had expired, it could not afford Petitioner any meaningful relief. Accordingly,

-1-

it dismissed the portion of his appeal challenging the post-sentencing imposition of the term post-release supervision. Petitioner, in his application to the New York Court of Appeals, argued that because the defect went to the plea itself and not merely the sentence, the issue was not moot. The Court of Appeals denied leave to appeal. Petitioner's application for reconsideration also was denied.

Represented by counsel, Facen filed a motion pursuant to C.P.L. § 440.10 to vacate his conviction, arguing, among other things, that he would not have pleaded guilty had he been informed of the mandatory period of post-release supervision. The trial court, in a decision and order filed June 11, 2007, found Facen's claim to be not credible and further found that the issue was moot since the post-release supervision term had already expired.

**B.     The 2008 Conviction**

In 2008, Facen pleaded guilty in New York State Supreme Court (Erie County) to attempted criminal sale of a controlled substance in the third degree and attempted assault in the second degree, for which he received an indeterminate sentence of three to four years. Facen is currently serving that sentence. On appeal of the 2008 conviction, the Appellate Division held that Facen failed to establish that the plea giving rise to the prior felony conviction was unconstitutionally obtained on the ground that he was not informed of the imposition of post-release supervision; and that the record established that his appellate-rights waiver was voluntary, knowing, and intelligent. *People v. Facen*, 71 A.D.2d 1410, 897 N.Y.S.2d 347, 348 (App. Div. 4th Dept. 2010) (citing, *inter alia*, *People v. Catu*, 4 N.Y.3d 242)). Leave to appeal was denied.

On June 19, 2009, Petitioner filed a motion to set aside his sentence pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20, arguing that because he was not informed of

the term of post-release supervision at the time he pleaded guilty in June 1999, his plea was not

entered into on a knowing, voluntary, and intelligent basis. Petitioner argued that this defect

rendered the 1999 conviction unconstitutional, making it unusable as a predicate felony for

purposes of adjudicating him as a second felony offender in 2008. Therefore, Petitioner argued,

his second felony offender sentence with regard to the 2008 sentence was illegal. The trial court

denied the motion on April 4, 2010.

###    D.    The Federal Habeas Petition

This federal habeas petition followed (Docket No. 1), in which Facen contends that (1)

his 1999 conviction was obtained in violation of his due process rights because he was not

informed of the mandatory period of post-release supervision (Petition, ¶22(A)); (2) the "9 year

delay in assignment of counsel & 10 year delay in hearing petitioners [sic] appeal" of his 1999

conviction "caused prejudice" (Petition, ¶22(B)); (3) he received "ineffective assistance of

appellate counsel in not bringing to light the fact that unreasonable delay was prejudicial amongst

other things . . . ." (Petition, ¶22(c)); and (4) the "2008 sentencing court used a conviction [i.e.,

the 1999 conviction] obtained in violation of the constitution of the United States to enhance

sentence" (Petition, ¶22(D)).

Respondent moved to dismiss the petition with regard to Facen's contentions concerning

his 1999 conviction (claims one, two, and three), arguing that these claims are moot since Facen

is no longer "in custody" or suffering "collateral consequences" as a result of the 1999

conviction. *See* Respondent's Motion to Dismiss ("Resp't Mot.") at 2 (Docket No. 6) (citing

*Maleng v. Cook*, 490 U.S. 488, 492 (1989)). Respondent also argued that Facen's claim

concerning the illegal sentence  enhancement (claim four) is without merit. *Id.* at 3 (citing, *inter*

*alia*, *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001); *Bomasuto v. Perlman*, __ F. Supp.2d ___, 2010 WL 271262 (W.D.N.Y. 2010) (Bianchini, M.J.)). Finally, Respondent argued that Facen had failed to exhaust his state-court remedies with regard to his second and third claims pertaining to the appeal of his 1999 conviction. *Id.* at 4 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)).

Facen submitted a Traverse to the Motion to Dismiss disputing respondent's arguments concerning mootness and non-exhaustion. *See* Petitioner's Traverse ("Trav.") (Docket No. 7). Facen contended that under *Coss*, he satisfied the "in custody" requirement to the extent that he argues that his 1999 sentence lengthened his 2008 sentence, and he remained in custody under the 2008 conviction. Trav. at 3 (citations omitted). Facen acknowledged that he had not exhausted several of his claims in state court. He argued, however, that returning to state court to institute exhaustion proceedings was not required in his case because "the state consideration would be either futile or where state procedures do not provide swift review of petitioners [sic] claims." *Id.* at 4 (citations omitted).

### E.    The Court's Order Regarding Respondent's Motion to Dismiss

The Court issued an Order granting in part, and denying in part, Respondent's motion to dismiss.  With regard to the 1999 conviction, the Court found that although Facen is currently incarcerated, he is not "in custody" for purposes of obtaining habeas review directly of that conviction. This is because he was not "in custody" under the Erie County Court conviction under attack at the time his federal habeas petition was filed in 2009; rather, he is incarcerated pursuant to the 2008 judgment of conviction entered Erie County Supreme Court. *Ellis v. Dretke*, 456 F. Supp.2d 421, 423 (W.D.N.Y. 2006) (Bianchini, M.J.) (citing *Coss*, 532 U.S. at 403-04

("Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions.") (citing *Maleng v. Cook*, 490 U.S. 488, 493-94 (1989)).

The Court further found that Facen is no longer serving either a sentence of imprisonment or a term of post-release supervision with regard to the 1999 conviction. Because Facen is no longer "in custody" pursuant to his 1999 Erie County Court conviction, the Court concluded that he cannot bring a federal habeas petition directed solely at that conviction. *See Coss*, 532 U.S. at 403-04. Accordingly, claim one (that the 1999 conviction was obtained in violation of his due process rights because he was not informed of the mandatory period of post-release supervision); claim two (that the delay in the assignment of counsel and in hearing his appeal violated his constitutional rights); and claim three (that he received ineffective assistance of appellate counsel with regard to the 1999 conviction) of the Petition were dismissed with prejudice. *See id.*

The Court agreed with Facen that for purposes of his contentions in claim four regarding his 2008 conviction, he met the "in custody" requirement of the habeas statute. *See Coss*, 532 U.S. at 401 (holding that defendant Coss satisfied the "in custody" requirement of 28 U.S.C. § 2254(a) because his petition could be construed as asserting a challenge to his current sentence, as enhanced by the allegedly invalid prior expired conviction) (citations omitted). Accordingly, Facen was permitted to go forward on claim four (that his sentencing in 2008 was illegal because the sentencing court used the 1999 conviction which allegedly was obtained in violation of the constitution of the United States to enhance his sentence).

The Court ordered Respondent to file an answer and memorandum of law in opposition to claim four. Petitioner was directed to submit a reply memorandum, if he wished.

F.     **Additional Filings**

Facen filed a pleading docketed as a "Supplement to [the] Petition" (Docket No. 14), in which he attached multiple copies of the briefs and orders filed in connection with his appeals of the 1999 and 2008 convictions.

Respondent filed a response (Docket No. 17) and memorandum of law (Docket No. 18) in regard to claim four of the petition. Petitioner submitted a traverse (Docket No. 19) in response to Respondent's memorandum of law.

The matter is now fully briefed and ready for decision. For the reasons that follow, the Court declines to grant habeas relief on Facen's claim concerning his 2008 sentence.

III.   **Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may grant a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the claim or claims presented were "adjudicated on the merits in state court proceedings" and resulted in a decision "contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States ." 28 U.S.C. § 2254(d)(1). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States" limits the law governing a habeas petitioner's claims to the holdings (not dicta) of the Supreme Court existing at the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000);  *accord*, *e.g.*, *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

A state court's decision is "contrary to" federal law when it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides

a case differently than [the Supreme Court] has on a set of materially indistinguishable facts."

*Williams v. Taylor*, 529 U.S. at 412-13. A state court's decision is based on an "unreasonable

application" of Supreme Court precedent if it correctly identified the governing legal rule, but

applied it in an unreasonable manner to the facts of a particular case. *Id.* "The 'unreasonable

application' standard is independent of the 'contrary to' standard . . . [and] means more than

simply an 'erroneous' or 'incorrect' application" of federal law. *Henry v. Poole*, 409 F.3d 48, 68

(2d Cir.2005) (citing *Williams*, 529 U.S. at 411)).

## IV.    Analysis of the Petition

In the sole remaining claim in his habeas petition, Facen contends that he was not

properly adjudicated as a second felony offender and his 2008 sentence was improperly enhanced

because the 1999 predicate felony conviction was unconstitutional as a result of the trial court's

failure to inform him that the sentence included a mandatory term of post-release supervision.

There is no doubt that in the present case, that, prior to pleading guilty, Petitioner was never

informed that Section 70.45 of the New York Penal Law automatically imposes a period of post-

release supervision. Respondent concedes this point. However, the Court cannot grant habeas

relief on this claim.

After further review of *Coss*, the Court must conclude that this claim is moot. In 1994,

Coss filed a § 2254 petition in the United States District Court for the Middle District of

Pennsylvania attacking a 1990 Pennsylvania sentence he was currently serving, "where [the]

current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for

which the sentence ha[d] fully expired." *Coss*, 532 U.S. at 401. Citing Maleng, 490 U.S. at 492-

93, the Supreme Court noted that "Coss is no longer serving the sentences imposed pursuant to

his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." *Id.* Nevertheless, because the Section 2254 petition was attacking the current state sentence, as enhanced by the allegedly unconstitutional expired state conviction, Coss satisfied § 2254's "in custody" requirement. *Id.* at 401-02.

The Supreme Court severely limited such a challenge, however, holding that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained." *Coss*, 532 U.S. at 403 (citing *Daniels v. United States*, 532 U.S. 374 2001)); *see also id.* (extending the Daniels holding to cover § 2254 petitions directed at enhanced state sentences). Here, Facen's case falls under the *Coss* holding: The prior (i.e., 1999) conviction "is no longer open to direct or collateral attack in its own right . . . because the defendant did so unsuccessfully[,]" 532 U.S. at 403, and it therefore is regarded as "conclusively valid[,]" *id.* Under *Coss*, Facen may not collaterally attack his prior conviction through a petition under 28 U.S.C. § 2254. *See Triggs v. Chrones*, C-00-4201-CW, 2007 WL 4410389, at *11 (N.D.Cal. Dec. 14, 2007) ("Petitioner unsuccessfully appealed and collaterally attacked his 1982 convictions in the California Court of Appeal and California Supreme Court. Therefore, his 1982 convictions are no longer open to direct or collateral attack.").

Five justices of the Supreme Court recognized one exception to this rule: "When an otherwise qualified . . . petitioner can demonstrate that his current sentence was enhanced on the

-8-

basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Coss*, 532 U.S. at 404 (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963) (establishing the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one); *see also id.* (noting that the "special status of *Gideon* claims in this context is well established in our case law") (citing*, inter alia*, *Custis v. United States*, 511 U.S. 485, 496-497 (1994); *Burgett v. Texas*, 389 U.S. 109, 115 (1967).

In part III(B) of the Coss opinion, a portion of the opinion in which only a plurality joined,[1] there is a reference to "another exception" in addition to the failure to appoint counsel. *Coss*, 121 S. Ct. at 1574-75. The plurality gave the following examples of this second exception, which appeared to encompass situations where the habeas petitioner's failure to earlier attack the fully expired prior sentence on federal grounds was not attributable to the petitioner: where the State court, without justification, refused to rule on a constitutional claim that has been properly presented to it or where there was evidence discovered only after the time for State review had expired that proved the petitioner is actually innocent of the crime. *See id.*

However, these statements concerning a second exception to the rule that a habeas petitioner is generally foreclosed from attacking a fully expired prior sentence on federal grounds were made only by a plurality of the Supreme Court. Because the first condition was the only one

---

[1] The majority opinion was authored by former Justice O'Connor and joined by former Chief Justice Rehnquist, and Justices Scalia, Kennedy and Thomas. However, neither Scalia nor Thomas joined the opinion as to part III(B). *Coss*, 532 U.S. at 396.

embraced by a majority of justices in *Coss*, some courts have therefore considered the failure to appoint counsel to be the sole instance in which the exception is available. *Venson v. Killina*, Civil Action No. 07-1569, 2009 WL 1228444, at *8 n.3 (W.D. Pa. May 5, 2009) ("Because, the second exception is accepted by only a plurality of the Supreme Court, it is not binding.") (citing *United States v. Velasquez*, 885 F.2d 1076, 1085 (3d Cir.1989) (plurality opinion from Supreme Court not binding on lower courts); *see also Bowers v. Miller*, No. 05-CV-6023L, 2009 WL 2045630, at *1 (W.D.N.Y. July 10, 2009); *Roberts v. Cambra*, Civil No. 01cv0057-L(POR), 2009 WL 4261201, at *2 (S.D. Cal. Nov. 23, 2009). Facen, however, cannot meet any of the three conditions, so the outcome is the same, regardless. *See Valdez v. Hulihan*, 640 F. Supp.2d 514, 516 n.1 (S.D.N.Y. 2009) (addressing the three exceptions in *Coss* because their consideration would not change the outcome of the habeas petition).

Facen was represented by counsel in connection with the 1999 conviction. Although he claims that his case is controlled by *Burgett*, 389 U.S. 109, that contention is not persuasive. In *Burgett*, the certified records clearly stated that defendant was "without Counsel" at the time he was convicted of the used as a predicate felony to sentence him as a recidivist, and there was no evidence that the right to counsel had been waived. 389 U.S. at 112. Here, however, Facen was represented by counsel; although he argues that counsel was ineffective, this claim does not state a *Gideon* violation. *See Triggs*, 2007 4410389, at *11 ("In addition, the [*Coss v.*] *Lackawanna* exception does not apply. Petitioner does not allege that there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in *Gideon*. Petitioner was represented by counsel during the 1982 proceedings; his claim is one for ineffective assistance of that counsel.").

Nor does Facen meet the other two exceptions discussed in *Coss*: The state court did not unjustifiably refuse to rule on a properly presented constitutional claim, and Facen has never argued that he is actually innocent.

Finally, the Supreme Court further noted that the *Coss* rule of preclusion may not apply if the federal habeas corpus petition is, effectively, the first and only forum available for review of the challenge to the prior conviction. *Id.* at 405; *see also Flot v. Cain*, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n. 33 (E.D.La. Aug. 30, 2007). That potential exception is also inapplicable here, in that Petitioner did challenge the legality of the 1999 conviction in several applications at the state-court level.

Second, even if the Court were to consider the claim on the merits, the weight of authority in this Circuit counsels against the grant of habeas relief. The district courts in this Circuit to have considered the issue have held that because a state court need only apprise defendant entering a guilty plea of the plea's direct consequences in order to comply with the due process clause, *e.g., United States v. Salerno*, 66 F.3d 544, 550 (2d Cir. 1995), and because the Supreme Court has never held that a mandatory term of post-release supervision is a direct consequence of a criminal conviction, a court's failure to inform a defendant of such a term cannot be a violation of clearly established Federal law. *E.g.*, *Potter v. Green*, 04-CV-1343 (JS), 2009 Wl 2242342, at *6 (E.D.N.Y. July 24, 2009) ("[A]s indicated by several other district courts in this Circuit, there is no clearly established Supreme Court precedent that requires a state court judge to advise a defendant of mandatory PRS [post-release supervision] before accepting a guilty plea.") (citing *Jenkins v. Farrell*, No. 07-CV-6937, 2009 WL 1616008, at *9 (S.D.N.Y. June 9, 2009); *Sanchez v. Keller*, No. 06-CV-3370, 2007 WL 4927791, at *7 (S.D.N.Y. Dec.4,

2007); *Menjivar v. Sears*, No. 06-CV-2854, 2007 WL 2274892, at *3 (E.D.N.Y. Aug. 7, 2007);

*Shabazz v. Perlman*, No. 04-CV-4355, 2005 WL 2105533, at *5-7 (S.D.N.Y. Sept.1, 2005)); *see*

*also Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) ("There is no Supreme Court

precedent for the proposition that a defendant must be advised of a term of MSR [mandatory

supervised release] at the time he attempts to enter a plea of guilty. Quite the contrary, the Court

has expressly declined to decide such an issue in the very similar context of parole. Therefore,

Lockhart faces an impossible hurdle in showing the state court contradicted, or unreasonably

applied, clearly established federal law as determined by the Supreme Court because the Court

has expressly declined to decide the issue.") (citing, *inter alia*, *Lane v. Williams,* 455 U.S. 624,

630 n. 9 (1982) ("We do not decide whether, to establish such a constitutional violation,

respondents must claim that they in fact did not know of the parole requirement at the time they

pleaded guilty or that they would not have pleaded guilty had they known of this

consequence.")).

Furthermore, even if the Court were to determine that, as a matter of clearly established

Federal law, a term of mandatory post-release supervision was a direct consequence of the guilty

plea of which Facen was unaware, the Court would be required to determine whether his lack of

knowledge of the plea's direct consequences "made any difference in his decision to enter [the]

plea." *Hunter v. Fogg*, 616 F.2d 55, 58 (2d Cir.1980) (quotation omitted). "If not, the plea,

although involuntary on its face, was constitutionally valid." *Potter*, 2009 WL 2242342, at *7

(citing *Kelleher v. Henderson*, 531 F.2d 78, 82 (2d Cir.1976) (holding that, although he was not

informed of the maximum sentence that he faced, the petitioner's guilty plea was constitutionally

valid because defendant would not have pled differently had he been informed of the maximum

sentence); *Nunez v. Costello*, No. 93-CV-5282, 1994 WL 719686, at *3 (S.D.N.Y. Dec. 28, 1994) (holding that a petitioner's misinformation about a guilty plea's consequences did not invalidate the plea because, even if the information had been provided to petitioner defendant would have chosen to accept the plea offered).

As the trial court noted in its June 2007 decision and order denying the C.P.L. § 440.10 motion, Facen raised the issue regarding the post-release supervision ("PRS") term for the first time seven years after the 1999 plea and sentence. I agree with the trial court that such delay undermines Facen's claim that he would not have pleaded guilty had he been aware of the mandatory post-release supervision term. Furthermore, as the trial court found, absent from Facen's pleadings are any affidavits or other competent supporting evidence demonstrating that the plea was procured by misunderstanding or by a misrepresentation on trial counsel's part. Facen's belated assertion, without more, does not suffice to overcome the presumption of correctness afforded to the state court's factual finding to the contrary. *See Potter*, 2009 WL 2242342, at *7 ("Petitioner's claim–that the failure to inform him of mandatory PRS prior to the entry of his guilty plea was a violation of his due process rights–can be dismissed as harmless error, because even if he had know about the PRS, such knowledge would likely not have affected his decision.") (citing *Sanchez,* 2007 WL 4927791 at *8) ("Irrespective of whether the trial court improperly failed to inform him of the PRS requirement, Petitioner provides no evidence that he would not have accepted the plea agreement had he known about the PRS."); *Steele v. Filion*, 377 F. Supp.2d 332, 336 (W.D.N.Y. Apr.20, 2005) (Bianchini, M.J.) ("With respect to Steele's claim that his plea was involuntary because the court failed to inform him that a period of post-release supervision was going to accompany the sentences imposed, I agree that

the better practice would have been for the court to have advised Steele of this fact. However,

Steele has not shown that knowledge of the post-release component of the sentence would have

affected his decision to plead guilty.")).  On the present record, the Court is unconvinced that

concerns about any period of post-release supervision animated Facen's decision to plead guilty.

In sum, the Court finds that Facen's claim is barred by *Coss*. Even if the Court were to

consider the claim's merits, it would not grant habeas relief for the reasons discussed above.

**V.      Conclusion**

For the reasons stated above, Dorian Facen's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 is denied, and the petition is dismissed.  Because Facen has failed to make a

substantial showing of a denial of a constitutional right, I decline to issue a certificate of

appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini

_____
            VICTOR E. BIANCHINI
            United States Magistrate Judge

DATED:        May 31, 2011
              Buffalo, New York

-14-